# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALFONSO K. YAU,
          Appellant,

      v.

GENERAL SERVICES
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
NY-1221-13-0054-W-2

DATE: January 9, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rebecca Kaplan</u>, New York, New York, for the appellant.

<u>Nicole Ludwig</u>, Esquire, New York, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant is a GS-12 Realty Specialist with the agency's Public Buildings Service, Office of the Regional Commissioner, in New York, New York. *Yau v. General Services Administration*, MSPB Docket No. NY-1221-13-0054-W-1 (W-1), Initial Appeal File (IAF), Tab 12 at 20. In July 2012, the appellant applied for the GS-13 positions of Regional Account Manager, Realty Specialist, and Asset Manager. *See* W-1, IAF, Tab 8, Exhibit J at 4-5. A five-member screening panel interviewed the appellant for the positions on August 20, 2012; however, the panel did not refer him to the selection panel for a second interview, and he was not selected for any of the positions. *See id.* at 5-6, Tab 12 at 54. After exhausting his administrative remedies with the Office of Special Counsel (OSC), the appellant filed an IRA appeal and requested a hearing, alleging that the agency did not select him for promotion in retaliation for his protected whistleblowing activity. *See* W-1, IAF, Tab 1 at 2, 4, 21-24, Tab 8, Exhibit J.

¶3     Based on the appellant's response to the jurisdictional order, the administrative judge determined that the appellant had established Board jurisdiction over his appeal. W-1, IAF, Tab 23 at 7. The appeal was then dismissed without prejudice to refiling and was automatically refiled after the Board issued its decision in *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013), which clarified the definition of "disclosure" as set forth in the Whistleblower Protection Enhancement Act of 2012. W-1, IAF, Tab 31; *Yau v. General Services Administration*, MSPB Docket No. NY-1221-13-0054-W-2 (W-2), IAF, Tabs 1-2.

¶4     Following a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. W-2, IAF, Tab 32, Initial Decision (ID) at 2, 15. The administrative judge found that one of the four disclosures asserted by the appellant was protected,[2] ID at 6-10, but that the appellant failed to establish that his protected disclosure was a contributing factor to his nonselection for the positions at issue, ID at 10-15.

¶5     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an untimely response to the petition for review.[3] PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

_____

[2] The disclosure that the administrative judge found protected is the appellant's March 16, 2012 complaint to the agency's Office of Inspector General (OIG). ID at 7, 9-10. In that complaint, the appellant alleged that the agency's regional management was failing to ensure that a contract employee assigned to a prospectus lease project was performing his duties. W-1, IAF, Tab 8 at 5 of 23, Exhibit A. The agency did not dispute that the appellant's March 16, 2012 OIG complaint was a protected disclosure. *See* W-2, IAF, Tab 24 at 1.

[3] The deadline for filing the response to the petition for review was September 23, 2014. PFR File, Tab 2. The agency filed its response on September 29, 2014. PFR File, Tab 3. The Board will waive the filing deadline for an untimely response to a petition for review only for good cause. *Jones v. U.S. Postal Service*, 110 M.S.P.R. 674, ¶ 5 n.2 (2009). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* The agency states that its response is untimely because it "calendared

## ANALYSIS

¶6      In an IRA appeal, after establishing the Board's jurisdiction, the appellant must then establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him.[4] 5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012). The term "contributing factor" means any disclosure that affects an agency's decision to threaten, propose, take, or not take a personnel action with respect to the individual making the disclosure. *Usharauli v. Department of Health & Human Services*, 116 M.S.P.R. 383, ¶ 31 (2011); 5 C.F.R. § 1209.4(c).

¶7      An appellant may demonstrate that a disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Usharauli*, 116 M.S.P.R. 383, ¶ 31. An appellant can also show that a protected disclosure was a contributing factor in a personnel action by proving that the official taking the action had constructive knowledge of the protected disclosure. *See Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 22 (2010). An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the

---

the response for the due date of September 29, 2014" due to an "administrative error." PFR File, Tab 3 at 4. We find that the agency has failed to show that it exercised due diligence under the particular circumstances of the case. Consequently, we have not considered the agency's response, which was untimely by 6 days, to the petition for review.

[4] As noted above, the administrative judge found that the appellant established Board jurisdiction over this appeal and that the appellant proved by preponderant evidence that his March 16, 2012 OIG complaint was a protected disclosure. W-1, IAF, Tab 23 at 7; ID at 9-10. We discern no reason to disturb these findings.

retaliatory action. *See Dorney v. Department of the Army,* 117 M.S.P.R. 480, ¶ 11 (2012).

¶8    The appellant's argument regarding the contributing factor element of his whistleblower reprisal claim, as summarized in the initial decision, was that the agency's Regional Commissioner (RC) and Deputy Regional Commissioner (DRC) were aware of his March 16, 2012 OIG complaint as a result of a July 24, 2012 memorandum issued by the Public Buildings Service's Acting Commissioner (AC), which referenced the appellant's name and identified the actions that management was taking to address the issues raised in his complaint. *See* ID at 12 (citing W-2, IAF, Hearing Compact Disc (CD), Day 1,[5] testimony of the appellant; *Id.*, Tab 23 at 12-13). The appellant claimed that his whistleblowing activity would have been conveyed during weekly Board meetings, which were attended by two panel members, and that those panel members were thus apprised of his whistleblowing activity in the Board meetings and unduly influenced by the RC and the DRC. *See* ID at 12 (citing W-2, IAF, Hearing CD, Day 1, testimony of the appellant; *Id.*, Tab 30).

¶9    The administrative judge rejected this argument in the initial decision, noting that the RC, the DRC, and the two panel members who attended Board meetings denied discussing the appellant's whistleblowing activity in those meetings. ID at 13 (citing W-2, IAF, Hearing CD, Day 2,[6] testimony of the RC, the DRC, and the two panel members who attended Board meetings). The administrative judge further noted that all of the panel members consistently denied that they had any knowledge of the appellant's whistleblowing activity at the time they made their selections. ID at 12 (citing W-2, IAF, Hearing CD, Days 1-2, testimony of panel members). Applying the factors for resolving credibility issues set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453,

---

[5] The Hearing CD for Day 1 of the hearing is located at W-2, IAF, Tab 26.

[6] The Hearing CD for Day 2 of the hearing is located at W-2, IAF, Tab 28.

458-62 (1987), the administrative judge credited the panel members' testimony that they were unaware of the appellant's alleged whistleblowing activity at the time of the selections, finding that this testimony was "straightforward, unequivocal and consistent with one another." ID at 13-14. The administrative judge further found that the appellant failed to set forth evidence indicating that the panel members knew of his disclosures. ID at 14.

¶10      As for the appellant's allegation that the RC and the DRC were aware of his March 16, 2012 OIG complaint as a result of the AC's July 24, 2012 memorandum, the administrative judge noted that the DRC testified that he did not know that the appellant had brought an OIG complaint and he was also unaware of the AC's memorandum. ID at 12, 13 n.7 (citing W-2, IAF, Hearing CD, Day 2, testimony of the DRC). The administrative judge noted that the RC testified that, while she was aware of a complaint concerning the contractors, she was not aware of the specifics of the complaint, nor was she aware of the AC's memorandum. ID at 13-14 n.7 (citing W-2, IAF, Hearing CD, Day 2, testimony of the RC). The administrative judge found the RC's testimony "credible and plausible in light of the other evidence of record." ID at 14 n.7. In that regard, the administrative judge noted that there is no evidence, such as "an e-mail forward or cc," indicating that the AC's memorandum was sent to the RC. ID at 14 n.7 (citing W-2, IAF, Tab 23 at 12-13). The administrative judge also found that neither the RC nor the DRC was involved with the interview process or aware that the appellant had applied for the positions at issue. ID at 12-13 (citing W-2, IAF, Hearing CD, Day 2, testimony of the RC and DRC). The administrative judge concluded that the appellant did not set forth sufficient evidence indicating that the RC or DRC knew of his protected activity or that they had any influence on the selecting officials or the selection process. ID at 15. Therefore, the administrative judge found, the appellant failed to establish that his protected disclosure contributed to his nonselection for the positions at issue. ID at 15.

<u>The appellant has not proffered a sufficiently sound reason to set aside the administrative judge's explained findings and credibility determinations.</u>

¶11    The appellant challenges the administrative judge's findings and credibility determinations on review, alleging that, in making her credibility determinations, the administrative judge failed to consider the contradictory testimony provided by the agency witnesses who denied knowledge of his protected disclosure. PFR File, Tab 1 at 6. In particular, the appellant takes issue with the administrative judge's characterization of the panel members' testimony that they were unaware of his disclosure at the time of the selections as "straightforward, unequivocal and consistent with one another." *Id.* at 6-8. The appellant asserts that, although the administrative judge claimed that she based this credibility finding on the factors set forth in *Hillen*, he believes that those factors were not considered or applied before the administrative judge made her credibility determination in light of the "inconsistencies with respect to the contradictory testimonies" provided by these witnesses. *Id.* at 6-7. More specifically, the appellant asserts that the panel members provided conflicting testimony regarding whether and how well they knew him, as one of the panel members testified that all of the panel members were familiar with the appellant, while the remaining panel members testified either that they did not know the appellant at all or knew only that he worked for the agency. *Id.* at 8.

¶12    The appellant also challenges the administrative judge's credibility determination regarding the RC. PFR File, Tab 1 at 9-11. The appellant argues that the administrative judge erred in crediting the RC's testimony that she was unaware of the AC's memorandum because both the AC and the DRC suggested that the AC's memo would be sent to the RC, and the AC and the RC confirmed that it would be "incredulous" for the RC to have known nothing about a memo pertaining to the region given her lengthy relationship with the AC. *Id.* at 9 (citing W-2, IAF, Hearing CD, Day 2, testimony of the RC). The appellant also argues that the administrative judge should not have found the RC's testimony

credible and consistent because the RC "fashion[ed] her testimonies to meet her own objectives in two distinct IRA appeals before the Board" by providing a different answer to the same question in another IRA appeal, *Shenwick v. General Services Administration*, MSPB Docket No. NY-1221-12-0096-W-2. PFR File, Tab 1 at 11 n.5

¶13        The Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions of credibility. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).  The Board must give deference to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 45 (in a whistleblower reprisal case, the Board is required to apply appropriate deference to an administrative judge's credibility findings consistent with the principles contained in *Haebe*).

¶14        Based on our review of the record, we find that the appellant has not proffered a sufficiently sound reason to set aside the administrative judge's findings and credibility determinations.  The alleged "contradictory testimony" of the panel members cited by the appellant shows, at most, that one member of the panel was mistaken about the extent to which the other panel members were familiar with the appellant.  Significantly, the appellant does not dispute that all five panel members testified that they were unaware of the appellant's disclosures at the time they made the selections at issue, and our review of the hearing CD confirms that the panel members' testimony regarding their lack of knowledge of the appellant's disclosure was unequivocal, consistent, and straightforward.

¶15    As for the administrative judge's credibility determination regarding the RC, to the extent that the appellant argues on review that the RC's testimony regarding her knowledge of his whistleblowing activity is inconsistent with the hearing testimony, in the initial decision the administrative judge specifically addressed the appellant's claim that the RC and the DRC provided inconsistent testimony regarding that matter.  ID at 13 n.7 (citing W-2, IAF, Tab 30).  The administrative judge explained that the DRC's testimony that he believed that the AC's memorandum would have been routed through the RC's office, though he did not have personal knowledge that the RC saw it, is not inconsistent with the RC's testimony that she was unaware of the AC's memorandum.  *See* ID at 13 n.7 (citing Hearing CD, Day 2, testimony of the RC and  DRC).  The appellant's assertion on review that the hearing testimony established that the RC was aware of the AC's memorandum is essentially mere disagreement with the administrative judge's explained finding that RC's testimony that she was unaware of the AC's memorandum was credible and plausible.  *See* ID at 14 n.7.  As such, this argument provides no basis for disturbing the administrative judge's credibility determination.

¶16    Regarding the appellant's assertion that the administrative judge erred in crediting the RC's testimony because she provided a different answer to the same question in *Shenwick*, the appellant does not identify the question or the answer but merely states that the RC's testimony in *Shenwick* suggested that she had knowledge of the appellant's allegation that placing GS-15s in menial jobs was a waste of taxpayer money.  *See* PFR File, Tab 1 at 11 n.5.  The appellant's vague allegation that the RC's testimony in *Shenwick* is inconsistent with the testimony in the present appeal provides no basis for disturbing the administrative judge's credibility determination regarding the RC.

¶17    The appellant also challenges the administrative judge's finding that the RC and RDC were not involved in the selection process for the positions at issue in this appeal, asserting on review that the administrative judge "did not consider

any evidence suggesting that the [RC] and the Board of Directors were involved in the selections at issue in this appeal . . . ." PFR File, Tab 1 at 9. In support of his claim, the appellant relies on a September 27, 2012 email from the RC, in which she announced the selectees for details to the positions at issue in this appeal.[7] *Id.* (citing W-1, IAF, Tab 8, Exhibit K at 20). The appellant contends that, "because promotions are typically announced by the direct line supervisor," the RC's email indicates that she was involved in "vetting the selections." PFR File, Tab 1 at 9.

¶18    We find this argument unpersuasive. That the RC issued an email announcing who had been selected for details to the positions at issue in this appeal does not show the RC was involved in the selection process for those positions. Thus, this email provides no basis for disturbing the administrative judge's finding that the RC was not involved in the selection process for those positions.

The appellant's remaining arguments provide no basis for disturbing the initial decision.

*Judicial Bias*

¶19    The appellant raises a claim of adjudicatory bias on review, alleging that the administrative judge did not allow the admission of certain testimony and determined that key facts were inadmissible in order to make a ruling favoring the agency. PFR File, Tab 1 at 5. He further asserts that, during the hearing, the administrative judge indicated to the parties that she would be able to offer her services if they wanted to pursue settlement and that it appeared as though the appellant was a good employee and she wanted to avoid the case going through the appeal process for years. *Id.* at 13. The appellant argues that these

---

[7] As the administrative judge explained in the initial decision, due to a hiring pause, the selectees for the positions acted in details in these positions prior to their permanent placement. ID at 2 n.3; *see* W-2, IAF, Tab 29.

statements indicated what the administrative judge's ruling would be before the end of the hearing. *Id.*

¶20    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). This presumption can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's rulings on issues. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991).

¶21    The appellant has not met these requirements. The appellant's allegations of bias are based on the administrative judge's conduct during the course of the proceeding, and he has not shown that the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." To the extent that the comments the administrative judge made during the hearing in an effort to encourage the parties to pursue settlement negotiations may be construed as an assessment of the strength of the appellant's case, discussion involving the relative strengths and weaknesses of a party's case is permissible and does not indicate bias by the administrative judge. *Chakravorty v. Department of the Air Force*, 90 M.S.P.R. 304, ¶ 8 (2001).

*Interference with the Examination of Witnesses*

¶22    The appellant also argues on review that the administrative judge abused her discretion by preventing his representative from adequately questioning the witnesses.  PFR File, Tab 1 at 5-6.  For example, the appellant contends that the administrative judge intervened during questioning by the appellant's representative designed to establish an inconsistency between the testimony of the RC and the DRC regarding their knowledge of the appellant's whistleblowing activity.  *Id.* at 7.

¶23    The appellant cites specific excerpts from the hearing CD that he asserts demonstrate the administrative judge's improper interference with the appellant's representative's efforts to examine the witnesses. *See* PFR File, Tab 1 at 5-6 n.1. Each of these excerpts illustrates the administrative judge's efforts to keep the appellant's representative's questioning of witnesses on topic and moving forward.  Any limits that the administrative judge placed upon the appellant's representative's questioning of witnesses were, according to our review of the hearing CD, designed to prevent the appellant from introducing evidence that was not relevant to this case and were also within the administrative judge's broad discretion to control the hearing.  *See, e.g.*, *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003) (an administrative judge has wide discretion to control the proceedings before him, to receive relevant evidence, and to ensure that the record on significant issues is fully developed); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony he believes would be irrelevant or immaterial).

*Denial of Witness*

¶24    Although his argument is somewhat unclear, the appellant appears to contend on review that the administrative judge improperly denied his request to call his former supervisor as a witness at the hearing.  PFR File, Tab 1 at 11. The Board will not disturb an administrative judge's decision to deny a party's

proposed witnesses unless such denial constitutes an abuse of discretion. *Dangerfield v. U.S. Postal Service*, 77 M.S.P.R. 678, 684-85 (1998). An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). In requesting his former supervisor as a witness, the appellant asserted that she had counseled him for approaching the contractors regarding their incompetence, and he stated that her testimony would "shed light on whether or not she wanted to remain agreeable to the [RC] and [DRC] which prompted her promotion later that year." W-2, IAF, Tab 23 at 9. The administrative judge excluded the appellant's former supervisor as a witness based on her finding that her proposed testimony would be irrelevant and unnecessarily duplicative.[8] W-2, IAF, Tab 24 at 3, Tab 25 (Prehearing Conference CD). We discern no abuse of discretion by the administrative judge in denying the appellant's witness request on that basis. In any event, the appellant did not timely object to the administrative judge's ruling denying his former supervisor as a witness and, therefore, is precluded from doing so on review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

*Exclusion of evidence pertaining to another IRA appeal*

¶25 The appellant also argues on review that the administrative judge improperly excluded evidence pertaining to another IRA appeal he filed with the Board, *Yau v. General Services Administration*, MSPB Docket No. NY-1221-13-0112-W-1. PFR File, Tab 1 at 12. He asserts that, by excluding this evidence, the administrative judge essentially prevented him from ascertaining what communications were made between the panel members and the manager who

---

[8] During the prehearing conference, the administrative judge stated that the appellant's former supervisor's testimony would be duplicative of the testimony of the person charged with oversight of the contractors, who the administrative judge approved as a witness over the agency's objection. W-2, IAF, Tab 25.

appointed them to the panel, in addition to allowing the agency to "fashion testimonies without considering these events, all of which are consistent with the [administrative judge's] bias [sic] objectives." *Id.*

¶26    In her August 26, 2014 initial decision, the administrative judge explained that the appellant had raised issues in this appeal pertaining to an OSC complaint that became the basis of an IRA appeal, which the Board dismissed as untimely on September 20, 2013. ID at 2 n.2. Because that OSC complaint is not the subject of this appeal, the administrative judge properly did not consider the appellant's arguments concerning that complaint.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the

Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.